## Josephs v. Silver

*Levi, Mandel & Miller*, for plaintiff.

*Wexler, Mulder & Weisman*, for defendants.

BOK, P. J., February 19, 1958.—These are preliminary objections, the ground being that the service on defendant, Harry Silver, by the deputized sheriff of Montgomery County was not authorized under Pa. R. C. P. 1504. This rule allows such service when one of the principal defendants has already been served in the county of suit, in this case Philadelphia.

Preliminary objections by the Liberty Real Estate Bank and Trust Company have been sustained and plaintiff given leave to amend. Until the amended bill is settled as to the bank, we cannot tell whether it can be counted as "a principal defendant".

I think that there is even deeper trouble and that plaintiff must amend her complaint before we can pass upon even these preliminary objections. The complaint is not at the moment self-sustaining. It sues Silver and Freedman as individual defendants and alleges an agreement as fixing their liability. But the agreement is signed "Oxford Products, Inc., by Alvin Freedman" and "Oxford Products, Inc., by Harry Silver."

These are corporate and not individual obligations, and the complaint nowhere explains why these two men are sued individually.

Beyond this, we do not know that Alvin Freedman, who accepted service, lives in Philadelphia County. His address is given as "15 Latham Parkway, Melrose

Park, Pennsylvania," and we cannot take judicial notice that it is a Philadelphia address; it may be in any of the 67 counties of the State. Hence, an accepted service, even if valid, could not count as a Philadelphia service so as to qualify Freedman as a principal defendant. Nor does the attorney who accepted service for Freedman give a Philadelphia address, or any address at all.

More, I note that Pa. R. C. P. 1011 authorized acceptance of service in assumpsit actions and that there is no analogous rule for equity. I doubt my right to extend the equitable rules in face of such indication that acceptance of service was deliberately restricted to actions in assumpsit.

The preliminary objections are sustained, and plaintiff is given the right to amend her complaint within 20 days.